Opinion issued July 24, 2008 





 



 










In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00952-CV

____________


KELLY WOOD, Appellant


V.


TEXAS CHIROPRACTIC COLLEGE, Appellee






On Appeal from the 190th District Court

Harris County, Texas

Trial Court Cause No. 2005-31007






MEMORANDUM OPINION

 Appellant, Kelly Wood, challenges the trial court's summary judgment
rendered in favor of appellee, Texas Chiropractic College ("TCC"), in Wood's suit
against TCC for a violation of the Texas Deceptive Trade Practices-Consumer
Protection Act ("DTPA"), (1) fraud, negligent misrepresentation, and equitable estoppel. 
In her sole issue, Wood contends that the trial court erred in granting TCC summary
judgment as she raised a genuine issue of material fact on the challenged elements of
each cause of action.

 We affirm.

Procedural Background

 In her first amended petition, Wood alleged that, in the fall of 2000, she
enrolled at TCC, seeking to obtain a Doctor of Chiropractic degree. TCC, amongst
other requirements, required students to complete ten trimesters of coursework in
order to establish eligibility for graduation. By December of 2003, Wood had
completed ten trimesters of coursework with a cumulative GPA of 3.26 and academic
recognition. However, on December 4, 2003, she took a clinical exit exam, the
"Clinical Skill Competency Evaluation" (the "CSCE"), which was "ostensibly" a
requirement for graduation and she "ostensibly" failed. Due to Wood's failing the
CSCE, TCC refused to award Wood its Doctor of Chiropractic degree. 

 Because TCC refused to award her a degree, Wood sued TCC, alleging that
TCC violated the DTPA, committed fraud and negligent misrepresentation, and
should be equitably estopped from refusing to award her a degree because it
misrepresented to her that she had to take and pass the CSCE as a requirement for
graduation. In her petition, Wood did not allege how she specifically relied on any
misrepresentation made by TCC. 

 In its summary judgment motion, TCC asserted both that no evidence
supported Wood's claims that she relied on any misrepresentations and that it was
entitled to summary judgment as a matter of law. See Tex. R. Civ. P. 166a(c), (i). 

Standard of Review

 To prevail on a no-evidence summary judgment motion, a movant must allege
that there is no evidence of an essential element of the adverse party's cause of action
or affirmative defense. Tex. R. Civ. P. 166a(i); Fort Worth Osteopathic Hosp., Inc.
v. Reese, 148 S.W.3d 94, 99 (Tex. 2004). We review a no-evidence summary
judgment under the same legal sufficiency standard used to review a directed verdict. 
Gen. Mills Rests., Inc. v. Tex. Wings, Inc., 12 S.W.3d 827, 832-33 (Tex.
App.--Dallas 2000, no pet.). Although the nonmoving party is not required to
marshal its proof, it must present evidence that raises a genuine issue of material fact
on each of the challenged elements. Tex. R. Civ. P. 166a(i); see Ford Motor Co. v.
Ridgway, 135 S.W.3d 598, 600 (Tex. 2004). A no-evidence summary judgment
motion may not be properly granted if the nonmovant brings forth more than a
scintilla of evidence to raise a genuine issue of material fact on the challenged
elements. See Ridgway, 135 S.W.3d at 600. More than a scintilla of evidence exists
when the evidence "'rises to a level that would enable reasonable and fair-minded
people to differ in their conclusions.'" Merrell Dow Pharms., Inc. v. Havner, 953
S.W.2d 706, 711 (Tex. 1997) (quoting Burroughs Wellcome Co. v. Crye, 907 S.W.2d
497, 499 (Tex. 1995)).

 When reviewing a no-evidence summary judgment motion, we assume that all
evidence favorable to the nonmovant is true and indulge every reasonable inference
and resolve all doubts in favor of the nonmovant. Spradlin v. State, 100 S.W.3d 372,
377 (Tex. App.--Houston [1st Dist.] 2002, no pet.). Because the trial court's order
granting TCC's no-evidence summary judgment motion does not specify the grounds
upon which the trial court relied, we must affirm the summary judgment if any of the
grounds in the summary judgment motion are meritorious. FM Props. Operating Co.
v. City of Austin, 22 S.W.3d 868, 872-73 (Tex. 2000).

Summary Judgment

 In her sole issue, (2) Wood argues that the trial court erred in granting TCC's no-evidence summary judgment motion as TCC's refusal to award her a Doctor of
Chiropractic degree violated the DTPA, constituted fraud and negligent
misrepresentation, and violated the equitable principle of estoppel because Wood did
not need to take and pass the CSCE as a requirement for graduation.

 Wood notes that TCC's "clinic[al] manual" provided that the CSCE "is
mandatory for successful completion of the TCC clinic[al] program," TCC's
"Catalogue" provided that "[v]arious qualitative assessments" were "[g]raduation
[r]equirements for the Doctor of Chiropractic [d]egree," and TCC's "Student
Handbook" provided that "[c]ompletion of a clinic[al] exit examination with a
passing score will be required for graduation." 

 However, Wood asserts that, before taking the CSCE, "TCC informed Ms.
Wood that her 'application for graduation had been approved.'" Also, Dr. Phil
Conklin allegedly explained to her that the CSCE "was an exercise which had no
effect on her graduation, going on to say, just before she went in to take the 'exit
exam[,]' to not worry about passing, even students who 'failed' Weiss'[s] test still
received their degree." Wood further opines that, after taking the CSCE, she "was
certified by the [c]linic [d]irector to have completed her internship according to the
requirements," and TCC issued an official transcript which showed that she had
"receive[d] her Doctor of Chiropractic [d]egree."

 Under section 17.50(a) of the DTPA, a consumer may maintain an action where
any of the following constitute a producing cause of economic damages or damages
for mental anguish: (1) the use or employment by any person of a false, misleading,
or deceptive act or practice that is specifically enumerated under section 17.46(b) of
the DTPA and is relied on by a consumer to her detriment, (2) breach of an express
or implied warranty, (3) any unconscionable action or course of action by any person,
or (4) the use or employment by any person of an act or practice in violation of
chapter 541 of the Texas Insurance Code. See Tex. Bus. & Com. Code Ann. §
17.50(a) (Vernon Supp. 2007). 

 In order to prove fraud, a plaintiff must show that (1) the defendant made a
material representation that was false, (2) the defendant knew the representation was
false or made it recklessly as a positive assertion without any knowledge of its truth,
(3) the defendant intended to induce the plaintiff to act upon the representation, and
(4) the plaintiff actually and justifiably relied on the representation, which caused the
injury. Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co., 51 S.W.3d 573, 577 (Tex.
2001). 

 In order to prove negligent misrepresentation, a plaintiff must show that (1) the
defendant made a representation in the course of her business, or in a transaction in
which she has a pecuniary interest, (2) the defendant supplied "false information" for
the guidance of others in their business, (3) the defendant did not exercise reasonable
care or competence in obtaining or communicating the information, and (4) the
plaintiff suffered a pecuniary loss by justifiably relying on the representation. Henry
Schein, Inc. v. Stromboe, 102 S.W.3d 675, 686 n.24 (Tex. 2002).

 The doctrine of equitable estoppel requires (1) a false representation or
concealment of material facts, (2) made with knowledge, actual or constructive, of
those facts, (3) with the intention that it should be acted on, (4) to a party without
knowledge or means of obtaining knowledge of the facts, and (5) who detrimentally
relied on the representations. Johnson & Higgins of Tex., Inc. v. Kenneco Energy,
Inc., 962 S.W.2d 507, 515-16 (Tex. 1998). 

 The common element of all of Wood's causes of action is reliance. TCC
moved for summary judgment, asserting that there was no evidence of reliance. 
Neither in the trial court below nor in her briefing to this Court has Wood shown how
she relied on any of TCC's alleged misrepresentations that she did not have to take
and pass the CSCE as a requirement for graduation. Dr. Conklin's purported
statement to her, before she took the CSCE, simply noted that students who had failed
the CSCE did eventually graduate. Also, the fact that TCC had approved her
application for graduation does not show that Wood did not have to take and pass the
CSCE as a requirement for graduation. Moreover, the clinic director's certification
that Wood satisfied the internship requirements and the transcript do not show that
the CSCE was not a requirement for graduation. 

 Accordingly, we hold that the trial court did not err in granting TCC's no-evidence summary judgment motion because Wood did not show how she relied on
any alleged misrepresentation by TCC.

Conclusion

 We affirm the judgment of the trial court.





 Terry Jennings

 Justice


Panel consists of Justices Taft, Jennings, and Hudson. (3)


 
1. See Tex. Bus. & Com. Code Ann. § 17.41 (Vernon 2002).
2. Although Wood asserted as an issue in her brief that the trial court erred in
considering as summary judgment evidence "testimony from [TCC], while ignoring
testimony by Kelly Wood," Wood filed a reply brief, "remov[ing]" this issue from our
consideration on appeal. 
3. The Honorable J. Harvey Hudson, retired Justice, Fourteenth Court of Appeals,
participating by assignment.